## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL DAVIS<br>206 N. Main St.<br>Telford, PA 18969 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, <br> v. | : <br> : <br> : | DOCKET NO.: |
| LUCIFER FURNACES, INC.<br>2048 Bunnell Rd.<br>Warrington, PA 18976 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : | |

### CIVIL ACTION COMPLAINT

Paul Davis (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Plaintiff against Lucifer Furnaces, Inc. (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA with the exception of including Larry Jones as an individual Defendant under the PHRA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the ADA.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant is a private company located at the above-captioned address that manufactures heat treating furnaces and industrial ovens.

9.     At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

11.     Plaintiff was employed with Defendant for approximately 1.5 years as a welder.

12.     During his employment with Defendant, Plaintiff was primarily supervised by the owner of Defendant, Larry Jones (*hereinafter* "Mr. Jones").

13.     Plaintiff suffers from qualifying disabilities under the ADA, including but not limited to alcohol-related dependency issues, liver disease, depression, and anxiety.

14.     Plaintiff's aforesaid health conditions, at times, limits his ability to perform some daily life activities, including but not limited to focusing, working, sleeping, and engaging in social interaction.

15.     On or about February 12, 2018, Plaintiff's physician recommended that he seek in-patient treatment for alcoholism and liver disease at Penn Foundation (a rehabilitation facility) for thirty (30) days.

16.     On or about February 13, 2018, Plaintiff informed Mr. Jones of his physician's aforesaid recommendation and of his intention to take medical leave in the near further so that he could seek in-patient treatment at Penn Foundation.

17.     On or about February 14, 2018, Plaintiff underwent an evaluation at Penn Foundation and made arrangements to undergo in-patient treatment for thirty days commencing on February 19, 2018.

18.     The next day, February 15, 2018, Plaintiff informed Mr. Jones that he was scheduled to commence in-patient treatment at Penn Foundation on February 19, 2018 and would need an approximate 30-day medical leave of absence to care for and treat for his aforesaid disabilities (a reasonable accommodation under the ADA).

19.     Several hours after requesting a 30-day medical leave of absence to undergo treatment related to his aforesaid disabilities, Plaintiff was approached by Mr. Jones and handed a document signed by him [Mr. Jones] stating as follows:

> On 2/15/18 Paul Davis advised Larry Jones that he would be voluntarily leaving Lucifer Furnaces for personal reasons as of the end of the work day 2/16/18. He indicated this would be for 30 days.
>
> This letter advises Paul Davis that his leaving does not guarantee that his position as a welder at the company will be available if he requested to return. In addition, all benefits including Medical, Dental, Life/Short Term disability insurance offered by Lucifer Furnaces will be terminated as of 2/28/18 and vacation days forfeited.

20.     Plaintiff disagreed with this letter and reiterated to Mr. Jones that he was not voluntarily leaving Defendant but that he needed a 30-day medical leave of absence for his aforementioned health conditions, to which Mr. Jones responded "it's the same thing."

21.     Concerned that Defendant was violating the ADA and refusing to provide him a reasonable accommodation, Plaintiff asked to meet with Mr. Jones and his wife, Lucy Jones ("Mrs. Jones") to resolve the issue.

22.     During his meeting with Mr. Jones and Mrs. Jones on February 15, 2018, Plaintiff again reiterated that he was not "voluntarily leaving" Defendant for "personal reasons" but rather

had requested a 30-day medical leave of absence to undergo treatment at Penn Foundation for his disabilities (discussed *supra*).

23.    Furthermore, in his meeting with Mr. and Mrs. Jones on February 15, 2018, Plaintiff opposed the representations made in Defendant's February 15, 2018 letter, as he believed they were illegal and in violation of the ADA. Plaintiff even questioned whether Defendant had shown the aforesaid letter to an attorney before presenting it to him.

24.    Following his meeting with Mr. and Mr. Jones on February 15, 2018, Plaintiff worked the remainder of the day and returned to work on February 16, 2018.

25.    After reporting to work on February 16, 2018, Plaintiff was informed by Mr. Jones that he was being terminated from his employment with Defendant because Plaintiff had threatened him with a lawyer and was insubordinate – which is completely false and pretextual.

26.    On February 24, 2018, Plaintiff received at letter dated February 20, 2018 outlining the purported reasons for Plaintiff's termination wherein Mr. Jones alleges that Plaintiff (1) had informed Defendant that he would be "leaving for personal reasons which would have been considered a voluntary quit"; (2) asked during their meeting on February 15, 2018 if he was being fired (to which he was allegedly told he was not being fired); (3) presented a paper with the name of a lawyer and then started to leave the room; and (4) refused to return to the room or respond when Mr. Jones repeatedly called his name.

27.    The aforesaid allegations are completely false:

> 1. Plaintiff never informed Defendant that he was quitting his employment or that he was voluntarily leaving his employment with Defendant for "personal reasons." At all times, Plaintiff was very candid with Mr. Jones and specifically told him on multiple occasions

that he was not voluntarily leaving his employment with Defendant but had only requested a 30-day medical leave of absence to care for and treat for his aforesaid disabilities;

2. Mr. Jones admitted in Mr. Davis' unemployment hearing that he had been informed of Mr. Davis' health conditions and need for medical leave in advance of his separation – yet Mr. Jones still continued to label Mr. Davis' request for medical leave as a "voluntary quit" for "personal reasons" in the aforesaid termination letter;

3. Mr. Davis only presented Mr. Jones with information pertaining to a lawyer after he was informed of his termination, not during the aforesaid February 15, 2018 meeting. Furthermore, Mr. Davis did this because he believed his termination was unlawful under the ADA; and

4. Mr. Davis walked out of the February 15, 2018 meeting because the meeting was over and Mr. Jones never called Mr. Davis' name after he left the room.

28.     Plaintiff believes and therefore avers that Defendant refused to accommodate him and ultimately terminated his employment because of his actual and/or perceived disabilities, his requested accommodations, and/or his complaints of discrimination.

**First Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADAAA")</u>**
**([1] Actual/Perceived Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

29.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

30.     Plaintiff was terminated by Defendant because of his: (1) known and/or perceived

health conditions; (2) requests for accommodations; and/or (3) his complaints of discrimination.

31.     Defendant also refused to accommodate Plaintiff's request for a 30-day medical leave of absence to care for and treat for his health condition, treated his need for a 30-day medical leave as a voluntary separation, and represented to Plaintiff that it would not hold his job open for 30 days (while he was in treatment).

32.     Plaintiff believes and therefore avers that Defendant failed to accommodate him and terminated his employment in violation of the ADAAA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

7

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
       Ari R. Karpf, Esq.
       3331 Street Road
       Two Greenwood Square
       Building 2, Ste. 128
       Bensalem, PA 19020
       (215) 639-0801

Dated: July 23, 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Paul Davis | CIVIL ACTION |
| v. | |
| Lucifer Furnaces, Inc. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 7/23/2018 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  206 N. Main Street, Telford, PA 18969

Address of Defendant:  2048 Bunnell Road, Warrington, PA 18976

Place of Accident, Incident or Transaction:  Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  7/23/2018                    ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE:  7/23/2018                    ARK2484 / 91538

*Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

DAVIS, PAUL

**DEFENDANTS**

LUCIFER FURNACES, INC

**(b)** County of Residence of First Listed Plaintiff  Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square,
Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | X 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                  Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of ADA and the PHRA.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____        DOCKET NUMBER _____

DATE
7/23/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

[ Print ]    [ Save As... ]    [ Reset ]